Monte DUNCAN *v.* STATE of Arkansas

CR 91-236                              823 S.W.2d 886

Supreme Court of Arkansas
Opinion delivered February 3, 1992

*Leslie Borgognoni*, for appellant.

*Winston Bryant*, Att'y Gen., by: *Clint Miller*, Senior Asst. Att'y Gen., for appellee.

STEELE HAYS, Justice. This is an appeal from the Benton Circuit Court's denial of bail which we treat as a petition for a writ of certiorari. *Thomas* v. *State*, 260 Ark. 512, 542 S.W.2d 284 (1976). The appellant, Monte Duncan, was charged with fraudulent use of a credit card by Information filed October 3, 1990. Duncan tendered a guilty plea. On March 27, 1991, Circuit Judge Tom J. Keith issued a memorandum opinion deferring Duncan's guilty plea and placing him on five years supervised probation pursuant to Ark. Code Ann. § 16-93-303 (1987)

(codifying 1975 Ark. Acts 346).

On September 5, 1991, Duncan was charged in Washington County with possession of a controlled substance with intent to deliver. He was released the same day on a $10,000 bond. Some two weeks later Duncan was arrested for probation violation and incarcerated in the Benton County jail. The state promptly filed a petition for revocation alleging that Duncan violated the conditions of his probation by committing the offenses in Washington County.

On September 27, 1991, a hearing was held on the petition to revoke probation. Circuit Judge Tom J. Keith found there was probable cause to revoke Duncan's probation and that he had no right to bail and thereafter recused from the case.

Duncan petitioned for a writ of habeas corpus to reconsider the finding of probable cause and denial of bail and to postpone the revocation hearing until the pending charges in Washington County were concluded. Circuit Judge Terry Crabtree, replacing Judge Keith, denied the postponement and held as a matter of law that Duncan was not entitled to bail.

For his first allegation of error, appellant contends that the Benton Circuit Court erred in denying bail pending his probation revocation hearing. We agree, consequently, we reverse and remand.

■ Arkansas Const. art. 2, § 8 confers an absolute right before conviction, except in capital cases, to a reasonable bail. *Reeves* v. *State*, 261 Ark. 384, 548 S.W.2d 822 (1977). It provides in part:

> All persons shall, *before conviction*, be bailable by sufficient sureties, except for capital offenses, which proof is evident or the presumption is great. [Emphasis added.]

In the first hearing Judge Keith found as a matter of law that Duncan was not entitled to bail. In subsequent hearings Judge Crabtree reached the same conclusion. However, he reasoned that defendants facing a revocation hearing have already been convicted, which differentiates those defendants from ones who have merely been accused of committing a crime.

■ We agree that Duncan's situation is different from the

unconvicted accused because prior to the charges of possession and delivery of a controlled substance Duncan tendered a plea of guilty to a felony, despite the fact that it was deferred under Act 346. But we cannot agree that the deferment as provided under Act 346 is the equivalent of a conviction. A conviction is defined in Ark. Code Ann. § 16-85-712(3) (1987) as a ". . . plea of guilty accepted by the court." In this case it is clear that Duncan's guilty plea was not yet accepted by the court. An April 29, 1991, order states:

> . . . *the court noted but refused to accept the defendant's tendered plea of guilty*, deferred further proceedings under Act 346 of 1975 and placed defendant on supervised probation for five (5) years. . . . [Emphasis added.]

Duncan's guilty plea to a felony may be taken into consideration in fixing the amount and conditions of bail, however, the trial court's ruling that, as a matter of law, the appellant cannot be released on bail because of the plea, cannot be sustained. Duncan is entitled to a hearing in which a proper inquiry is conducted concerning the propriety of his release on bail. *See* Ark. R. Crim. P. 8.5 and 9.2.

For his second allegation of error Duncan argues that the Benton County Circuit Court erred in denying his motion requesting that the revocation hearing be postponed until after the resolution of the charges against him in Washington County. We decline to consider this issue because the court's denial of the motion was not a final judgment for purposes of appeal. *See* Ark. R. App. P. 2(a); *Ellis* v. *State*, 302 Ark. 597, 791 S.W.2d 370 (1990).

Reversed and remanded.