Derrick HARRELL and Carl Presley *v.* STATE of Arkansas

CR 97-282                                              962 S.W.2d 325

Supreme Court of Arkansas
Opinion delivered January 29, 1998

*John Stratford*, for appellant Derrick Harrell.

*Mark Ferguson*, for appellant Carl Presley.

*Winston Bryant*, Att'y Gen., by: *Kent G. Holt*, Asst. Att'y Gen., for appellee.

TOM GLAZE, Justice. Appellants Derrick Harrell and Carl Presley appeal from convictions of rape, kidnapping, aggravated robbery, residential burglary, and theft. For reversal, they claim the trial court erred in denying their motion for new trial because of the State's nondisclosure of exculpatory impeachment material that related to the victim's credibility. Harrell also argues the court erred by denying his directed verdict as to his rape and kidnapping convictions because the evidence was insufficient to support those two crimes. We first consider Harrell's separate point, and set out the evidence in the light most favorable to the State as appellee. *See Martin v. State*, 328 Ark. 420, 426, 944 S.W.2d 512, 515 (1997).

On the morning of December 1, 1995, Lorene Davis was at home sick with the flu when she heard a noise. When she got out of bed to see what was causing the noise, she saw three men forcibly entering her house. Davis, who had seen these men previously, testified at trial that Harrell and Presley, who wore no

masks, were the first to enter. Harrell had a gun. Davis related that the first two men knocked her down. The third intruder, Zachary Crockett, bore a long gun, and after he entered, he and Presley used duct tape on Davis's arms and legs to restrain her. Presley punched Davis in the face and stomach, and then raped her. Crockett assisted in Presley's rape of Davis, but left, responding to Harrell's screaming, "Help [me] look for things in the house." Davis further testified that she got a good look at all three men, that they pointed their guns at her, and that she never consented to any of what happened. Davis related that she was "real drowsy" from her medicine, and on cross examination, agreed she was "pretty doped up."

At trial, a physician testified that she had examined Davis after the events on December 1, and her findings were consistent with Davis's story that she had been struck in the face, bound by tape, and raped. A forensic serologist also averred that the blood group substance found on Davis's underwear could have been Presley's.

■ ■ This court has repeatedly held that the testimony of a rape victim does not have to be corroborated by other testimony. *Sherrill v. State*, 329 Ark. 593, 952 S.W.2d 134 (1997). Thus, the State's evidence here was unquestionably substantial in showing Davis had been raped. Also, Davis's testimony, coupled with the physician's related above, sufficiently shows the crime of kidnapping. Arkansas law defines kidnapping in relevant part to include where a person, without consent, restrains another person so as to interfere substantially with his liberty with the purpose of facilitating the commission of any felony or inflicting physical injury upon or engaging in sexual intercourse with him. *See* Ark. Code Ann. § 5-11-102(a)(3) and (4) (Repl. 1997). However, Harrell submits that the record fails to show he committed those crimes either personally or as an accomplice. We disagree.

■ An accomplice is defined as one who directly participates in the commission of an offense or who, with the purpose of promoting or facilitating the commission of an offense, solicits, advises, encourages, or coerces the other person to commit the offense, or aids, agrees to aid, or attempts to aid the other person

in planning or committing the offense. *Carter v. State*, 324 Ark. 249, 921 S.W.2d 583 (1996). The presence of an accused in the proximity of a crime, opportunity, and association with a person involved in the crime in a manner suggestive of joint participation are relevant facts in determining the connection of an accomplice with the crime. *Thomas v. State*, 312 Ark. 158, 847 S.W.2d 695 (1993).

Here, the evidence, at the least, shows Harrell aided in the kidnapping and rape of Davis. He was shown to have entered Davis's house first while brandishing a gun, and tackled Davis, permitting her to be restrained with duct tape on her arms and legs. All three men, including Harrell, threatened to kill her if she looked at them. With this substantial evidence bearing on Harrell's participation in all the crimes with which the trio were charged, we cannot say the trial court erred in denying Harrell's motion for directed verdict.

We now turn to Harrell's and Presley's joint argument that the trial court erred in refusing them a new trial, because after trial, they learned Davis had previously pled guilty to the charge of possession of cocaine and that the prosecutor had failed to disclose this in response to their pretrial discovery motion. Appellants claim Davis's guilty plea was material impeachment evidence that the State had the duty to disclose under the Brady Rule. *Brady v. Maryland*, 373 U.S. 83 (1963). In the *Brady* case, the Supreme Court held that the suppression by the prosecution of evidence favorable to an accused upon request violates due process where the evidence is material either to guilt or to punishment, irrespective of the good faith or bad faith of the prosecution. *Id.* at 87. The Brady Rule has been interpreted to include impeachment, as well as exculpatory evidence. *Unites States v. Bagley*, 473 U.S. 667 (1985); *Yates v. State*, 303 Ark. 79, 794 S.W.2d 133 (1990).

Harrell and Presley first argue that Davis's prior plea of guilty under Act 346 of 1975 — Arkansas's First Offender Act — to a felony cocaine offense is material and admissible as a prior conviction under Rule 609 of the Arkansas Rules of Evidence. In sum, Rule 609 provides for the impeachment of a witness's credibility by proof of prior criminal convictions. *Bragg v. State*, 328 Ark.

613, 946 S.W.2d 654 (1997). The State counters, arguing that, because no judgment of guilt had been entered against Davis, her guilty plea was not admissible as a conviction under the terms of Rule 609(a).

In *Duncan v. State*, 308 Ark. 205, 823 S.W.2d 886 (1992), this court unambiguously held that a plea of guilty under Arkansas's First Offenders Act, Act 346, is not the equivalent of a conviction. In addition, Arkansas statutory law, Ark. Code Ann. § 16-85-712(3) (1987), provides in pertinent part that there is a conviction when a plea of guilty is accepted by the court. However, a court's acceptance of a guilty plea pursuant to Act 346 is not a conviction. A court is specifically prohibited from entering a judgment of guilt where a defendant is sentenced under Act 346. *See* Ark. Code Ann. § 16-93-303(a)(1) (1987). *See also, Gage v. State*, 307 Ark. 285, 819 S.W.2d 279 (1991). Thus, since there was no showing that Davis's guilt had been adjudicated or that a judgment had been entered by the court, her plea did not constitute a prior conviction admissible under Rule 609.

Appellants also argue that, even if Davis's guilty plea under Act 346 might not ordinarily constitute a conviction under the Act's terms, the trial court made the plea a conviction when it imposed a $500.00 fine against Davis when placing her on probation. They cite Ark. Code Ann. § 5-4-301(d) (Repl. 1997), which provides that the court shall enter a judgment of conviction if it sentences the defendant to pay a fine. On this issue, we note that the appellants' abstract reflects no conviction judgment imposing a fine, and point out that, under Ark. Code Ann. § 5-4-311 (Repl. 1997), if a judgment of conviction is not entered at the time of probation, the court must later discharge the defendant if the defendant complies with the conditions of his probation. Here, appellants fail to produce a record with a conviction judgment to support their argument, so we find it meritless.

We now turn to appellants' final argument that, even if Davis's guilty plea is not a prior conviction and admissible as such, her guilty plea and the conditions of her probation still constitute impeachment material in light of her testimony at trial. They allude to Davis's testimony that, on the day of her attack, she said

she was ill and "doped up" because of flu medicine she had taken. This testimony, they claim, created the impression she was not involved in illegal drug activity and that the drug she took was not an illegal drug. Appellants add that, had the defense been aware that Davis pled guilty to the cocaine offense only months prior to appellants' trial, defense counsel could have explored whether she was under the influence of illegal drugs and would have consulted with Davis's probation officer to learn if she had been passing her drug testing. Appellants conclude that this evidence was directly relevant to her credibility and whether her "memory of events" of the crimes was accurate.

■ The trial court rejected the appellants' argument and, in doing so, relied on *Mosley v. State*, 325 Ark. 469, 929 S.W.2d 693 (1996), where the court dealt with Ark. R. Evid. 404(b) which provides that the evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show that he acted in conformity therewith, but that it is admissible to show proof of motive, opportunity, intent, preparation, plan, knowledge, identity, or absence of mistake or accident. The *Mosley* court related the well-established principle that the evidence of other criminal activity may be introduced accompanied by a cautionary instruction, if it is "independently relevant to the main issue in the sense of tending to prove some material point rather than merely to prove the witness (in the present case the victim) is a criminal."

■ In order for the appellants to prevail on this issue, they must demonstrate a reasonable probability that the result would have been different had they had the information concerning Davis's prior possession of cocaine. The court in *United States v. Bagley, supra*, held that "reasonable probability" is a probability sufficient to undermine confidence in the outcome. *See Pennsylvania v. Ritchie*, 480 U.S. 39 (1987); *Yates v. State*, 303 Ark. 79, 794 S.W.2d 133 (1990).

Here, in denying Harrell's and Presley's motion for new trial, the trial court found the undisclosed information pertaining to Davis would have made no difference in the outcome of their

case. We are unable to find the trial court abused its discretion in so holding. *Bennett v. State*, 307 Ark. 400, 821 S.W.2d 13 (1991).

Although appellants urge that somehow Davis's testimony concerning her having the flu and taking medicine misled the jury, it is difficult to see what independent relevance Davis's guilty plea might have other than to show she had previously committed a drug felony. While appellants speak in terms of questioning Davis's "memory of events" that occurred on December 1, Davis's trial testimony reflected no hint of confusion or inconsistancy of what transpired. Though appellants did not argue below, or now on appeal, that identification was an issue, the record is quite clear that Davis had met and seen these men earlier and offered no doubts that Harrell and Presley were two of the three intruders. She testified that the men wore no masks, that she was able to get a good look at them, and that she had no doubts when picking Harrell and Presley out of a photo spread. On the record before us, we cannot say the trial court abused its discretion in denying the appellants a new trial.

In sum, we find that Harrell and Presley suffered no prejudice by the trial court's denial of their new-trial motion on the basis of Davis's guilty plea, since it is doubtful that the introduction of such evidence to impeach Davis's testimony would have affected the outcome of their case.

For the reasons above, we affirm.