The Honorable John E. Brown State Senator 17900 Ridgeway Drive Siloam Springs, AR 72761-8866
Dear Senator Brown:
This is in response to your request for an opinion concerning an applicant's denial of a felony conviction when applying for employment with The Arkansas Support Network, Inc., a nonprofit organization serving the disabled. You state that on the advice of their attorneys, two individuals who were serving probationary periods under Act 346[1]
(sometimes called the "First Offender Act") responded "no" in response to the question: "Have you been convicted of a felony in the past five years?" You state further that these individuals were serving probationary periods under Act 346. You have asked the following questions in this regard:
 1. Is this concealment of a felony conviction a correct interpretation of Arkansas law?
 2. Might an employer ask, in addition to the above stated question, "Are you now serving a probationary sentence under Act 346 of Arkansas law?"
RESPONSE
In the absence of a unique definition of the word "conviction" in the particular context in which the question is asked, it is probably correct to say that there has been no "conviction" if, in fact, Act 346 of 1975 (A.C.A. § 16-93-303 (Supp. 1999)) was utilized and the judge, without entering a judgment of guilt, deferred further proceedings and placed the individuals on probation. See A.C.A. § 16-93-303(a)(1)(A). I am aware of no provision in Arkansas law that would prohibit a prospective employer from asking whether an individual is serving a probationary sentence under Act 346.
Question 1 — Is this concealment of a felony conviction a correctinterpretation of Arkansas law?
The term "conviction" is defined, generally, as "the final judgment on a verdict or finding of guilty, a plea of guilty, or a plea of nolo contendere. . . ." Black's Law Dictionary 301 (5th ed. 1979). Assuming that the question in this instance regarding the existence of a felony conviction was asked in the general sense, and not in a specific context where another definition might apply,[2] it may be concluded that the individuals responded correctly and did not conceal a felony conviction if in fact no judgment of guilt was entered and further proceedings were deferred in accordance with Act 346 of 1975. Act 346 provides for the deferral of a guilty plea as follows in the case of a defendant who has not been previously convicted of a felony:
 Whenever an accused enters a plea of guilty or nolo contendere prior to an adjudication of guilt, the judge . . . without entering a judgment of guilt and with the consent of the defendant, may defer further proceedings and place the defendant on probation. . . .
A.C.A. § 16-93-303(a)(1)(A) (Supp. 1999) (emphasis added).
Because no judgment of guilt is entered, it may be successfully contended, as a general matter, that there is no conviction when further proceedings are deferred under Act 346 (§ 16-93-303, above). Cf. Duncanv. State, 308 Ark. 205, 823 S.W.2d 886 (1992) (concluding that the deferment as provided under Act 346 ". . . is [not] the equivalent of a conviction[,]" and that the defendant was therefore entitled to bail under Ark. Const. art. 2, § 8, which provides that ([a]ll persons shall,before conviction, be bailable by sufficient sureties, except for capital offenses. . . .) 823 Ark. at 207 (emphasis added).
While it may therefore have been correct to deny the fact of "conviction," it should perhaps be noted that this follows from the nature of the proceedings under Act 346, and not from the rights attendant an "expungement" order. "Expungement" only occurs after fulfillment of the terms and conditions of probation, or the court's released therefrom. See A.C.A. § 16-93-303(b) (Supp. 1999). The court at that point will enter an order dismissing the case, discharging the defendant, and expunging the record. Id. When the "uniform order" is entered, it is at that point that "the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist." A.C.A. § 16-90-902(b) (Supp. 1999). It appears that prior to the entry of this order, Act 346 offers no basis for denying the underlying conduct.
Question 2 — Might an employer ask, in addition to the above question,"Are you now serving a probationary sentence under Act 346 of Arkansaslaw?"
In my opinion, there is nothing prohibiting an employer from asking this question. As a practical matter, however, I am uncertain whether this will achieve the desired result, i.e., disclosure of the probationary sentence. If the employer is not otherwise aware of the fact that the applicant has been placed on probation under Act 346, the applicant may suffer no consequences from a denial. I have found no authority for the general proposition that an employment applicant must, as a matter of law, disclose this information. In other words, I am aware of no penalty under the law for lying in this situation.
Assistant Attorney General Elisabeth A. Walker prepared the foregoing opinion, which I hereby approve.
Sincerely,
MARK PRYOR Attorney General
MP:eaw/cyh.
[1] I assume that you are referring to Act 346 of 1975, as amended, which is codified at A.C.A. § 16-93-301—303 (1987 and Supp. 1999).
[2] You have not identified, nor has my research disclosed, any specific provision in state law governing background checks in the context of a nonprofit organization serving the disabled. Nor have you indicated whether any specific eligibility requirements apply to such positions. Any such provisions would, of course, have to be considered when addressing questions concerning the qualifications of employment applicants. The existence of any federally mandated requirements should also be considered, if any federal funds are involved. The question of whether there has been a felony "conviction" may not be determinative of the eligibility question if particular requirements or limitations apply. Cf. A.C.A. § 12-12-901 et seq., as construed by this office in Op. Att'y Gen. 98-007 (the registration requirements of the Sex and Child Offender Registration Act apply to a person who enters a plea of guilty to sexual abuse in the first degree); A.C.A. § 12-9-106(b) (no person who pleads guilty to a felony is eligible as a law enforcement officer); A.C.A. § 5-73-103 (a person who pleads guilty to a felony may lawfully possess a firearm only under certain circumstances).