James Orval DAVIDSON *v.* STATE of Arkansas

CR 04-1137 210 S.W.3d 887

Supreme Court of Arkansas
Opinion delivered June 23, 2005

*William R. Simpson, Jr.*, Public Defender, by: *Erin Vinett,* Deputy Public Defender, for appellant.

*Mike Beebe*, Att'y Gen., by: *Clayton K. Hodges*, Ass't Att'y Gen., for appellee.

BETTY C. DICKEY, Justice. In 2003, Appellant James Davidson was convicted of two counts of sexually abusing his step-granddaughter, C.D. At trial, the State sought to introduce into evidence a record of Davidson's conviction for sexually abusing C.D. in 1994. Davidson objected to the introduction of this evidence on the ground that the 1994 conviction had been expunged under Act 346, also known as the Arkansas First Offender Act. The trial court overruled the objection and admitted the evidence under the pedophile exception to Ark. R. Evid. 404(b).[1] Davidson appealed this ruling to the court of appeals, which reversed and remanded. We granted the State's petition for review in order to decide the question of whether an expunged conviction is admissible under the pedophile exception to Rule 404(b). Because Davidson failed to include in the record proof that his 1994 conviction was in fact expunged, the trial court's ruling is affirmed.[2]

According to Davidson, his 1994 conviction was expunged in 1997. He has failed to provide proof, however, that this conviction was expunged in accordance with either Ark. Code Ann. § 16-90-902 (Supp. 1995), which was in effect when he claims that the conviction was expunged, or Ark. Code Ann. § 16-93-303(b)(1) (1987), which was in effect when he was convicted and placed on probation.

Ark. Code Ann. § 16-90-902 is the current expungement statute, in effect since 1995. It provides:

(a) An individual whose record has been expunged *in accordance with the procedures established by this subchapter* shall have all privileges and

---

[1] Although Ark. R. Evid. 404(b) generally prohibits the use of other crimes as character evidence, the so-called "pedophile exception" to this rule allows such evidence in child abuse and incest cases because it helps to prove the depraved sexual instinct of the accused. *Clark v. State*, 323 Ark. 211, 913 S.W.2d 297 (1996). The other crimes evidence is particularly probative when it involves, as here, the same victim and the same course of conduct. *Id.*

[2] Davidson not only failed to include proof of his expungement in the record designated for appellate review, he also failed to provide the trial court with such proof. The failure to provide the trial court with an expungement order distinguishes this case from others in which we ordered a substituted brief to be filed in accordance with Arkansas Rule of Appellate Procedure – Civil 6 for failure to file a sufficient record for review. See *West v. West*, 362 Ark. 456, 208 S.W.3d 776 (2005).

rights restored, shall be completely exonerated, and the record which has been expunged shall not affect any of his civil rights or liberties, unless otherwise specifically provided for by law.

(b) *Upon the entry of the uniform order to seal records of an individual,* the individual's underlying conduct shall be deemed as a matter of law never to have occurred, and the individual may state that no such conduct ever occurred and that no such records exist.

(Emphasis added.)

The previous version of the expungement statute, which was in effect in 1994, stated:

Upon fulfillment of the terms and conditions of probation or upon release by the court prior to the termination period thereof, the defendant shall be discharged without court adjudication of guilt, whereupon *the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record.*

Ark. Code Ann. § 16-93-303(b)(1) (emphasis added).

■ Davidson failed to include in the record either a petition to seal, order to seal, or notice of expungement, as is required by Ark. Code Ann. § 16-90-902, or a court order of expungement, as was required by Ark. Code Ann. § 16-93-303(b)(1). Davidson therefore has failed to show that his conviction was in fact expunged in accordance with either version of the statute. This court has repeatedly stated that it is the appellant's burden to "bring up a record sufficient to demonstrate that the trial court was in error, and where the appellant fails to meet its burden, this court has no choice but to affirm the trial court." *Warnock v. Warnock,* 336 Ark. 506, 988 S.W.2d 7 (1999). Because Davidson has failed to prove that his 1994 conviction was expunged in accordance with statute, the trial court's ruling is affirmed.

Affirmed; Court of Appeals Reversed.

HANNAH, C.J., concurs.

JIM HANNAH, Chief Justice, concurring. I concur in the decision to affirm the circuit court, but I write separately because I base my conclusion on a different analysis. Davidson asserts that the circuit court erred in admitting court documents showing

that he entered a deferred plea of no contest[1] under Act 346 of 1975 to sexual abuse of C.D. in 1994. More specifically, Davidson argues that the admission of an expunged deferred plea of guilty under Act 346 of 1975 is not admissible under Ark. R. Evid. 404(b) as evidence of other crimes, wrongs or acts.

I note first that the majority is in error in its analysis of evidence of the expungement. A portion of the docket and the order under Act 346 in the earlier Pulaski County Circuit Court case No. 93-2697A are contained in the record on appeal and were before the circuit court. The word *"EXPUNGED"* is stamped in bold black letters about one and one-quarter inches tall on both documents. No one who sees the documents can help but notice the stamp. There is also a circuit clerk's certificate that the documents are "true and correct copies." However, despite this evidence, the majority states that the case is affirmed for failure "to include in the record proof that his 1994 conviction was in fact expunged . . . ." It is difficult to understand how anyone could question that the matter was expunged.

The majority states that more is required to prove expungement and asserts that Ark. Code Ann. § 16-90-902 (Supp. 1995) and Ark. Code Ann. § 16-90-303(b)(1) (1987) require submission of "either a petition to seal, order to seal, or notice of expungement" or "court order of expungement."[2] I disagree. Neither

---

[1] The majority errs in referring to the action taken under Act 346 of 1975 as a conviction. By the terms of the statute, the defendant is "discharged without court adjudication of guilt." Ark. Code Ann. § 16-93-303(b)(1) (1987). Under Act 346, the plea of guilty is deferred pending completion of probation, and upon completion of probation, the matter is expunged without entry of a guilty plea or conviction. *Harrell v. State*, 331 Ark. 232, 962 S.W.2d 325 (1998); *Duncan v. State*, 308 Ark. 205, 207, 823 S.W.2d 886 (1992). The alternative disposition of a charged defendant under Act 346 must take place prior to adjudication of guilt. *Baker v. State*, 310 Ark. 485, 837 S.W.2d 471 (1992).

[2] I note that Davidson points us to *Irvin v. State*, 301 Ark. 416, 784 S.W. 2d 763 (1990), where this court discussed expungement under the Alternative Service Act of 1975. The Alternative Service Act, codified at Ark. Code Ann. § 16-93-510(a) (1987), provided, "Upon completion of sentence or probation imposed under this subchapter, the director shall direct that the record . . . be expunged . . . ." This court stated that under this language, the appellant was not required to "petition for expungement" because it was a "ministerial duty to be completed by the Commissioner of the Department of Corrections." *Irvin*, 301 Ark. at 418. Similarly, under Act 346, it was the circuit court's duty, "[u]pon fulfillment of the terms and conditions of probation" to "enter an appropriate order" to "expunge the record." Ark. Code Ann. § 16-93-303(b)(1) (1987). I agree that expungement was automatic under the

statute speaks to the proof required in a subsequent criminal action to show that a deferred plea of guilty was expunged. Nonetheless, the majority relies upon language in these statutes as setting out the required proof that must be presented at trial. The majority cites to "expunged in accordance with the procedures established by this subchapter . . . Upon the entry of the uniform order to seal records of an individual" in Ark. Code Ann. § 16-90-902[3] and on "the court shall enter an appropriate order which shall effectively dismiss the case, discharge the defendant, and expunge the record" in Ark. Code Ann. § 16-93-303. The certified copies of the order of suspension and probation as well as the docket excerpt clearly shows that the matter was expunged.

However, I believe that the information regarding the prior admission of guilt is admissible because neither the plain and unambiguous language of Act 346, nor the apparent legislative intent behind Act 346 prohibits the use of an expunged crime in a subsequent criminal proceeding where the prior plea of guilty is relevant. The preamble to Act 346 states that judicial discretion in disposition of first offenders was too limited, "unduly harsh and restrictive . . . ." The purpose of acts permitting expungement is to provide a means for those who have committed a first offense to avoid a criminal conviction. *See United States v. Arrington*, 618 F.2d 1119 (5th Cir. 1980). The intent is to provide a "fresh start."

In *Powers v. Bryant*, 309 Ark. 568, 832 S.W. 2d 232 (1992), this court discussed the effect of expungement and rejected a "rigid constitutional interpretation" of the term, noting that under the federal expungement act, expungement "Actually removed the fact of a conviction." *Powers*, 309 Ark. at 571. In *Tyler v. Shackleford*, 303 Ark. 662, 799 S.W. 2d 789 (1990), we quoted *Arrington, supra*, where the Fifth Circuit Court of Appeals stated that under the federal expungement act, "the disabilities of a criminal conviction are completely and automatically removed; indeed, the conviction is set aside as if it had never been." *Arrington*, 618 F.2d at 1124.

---

law as it existed when Davidson made his deferred guilty plea; however, as I stated, I do not believe the actual order of expungement was needed in any event.

[3] Because Davidson was placed on probation under Act 346 prior to the passage of Act 998 of 1995, codified as Ark. Code Ann. § 16-90-902 (Supp. 1995), it is not at all clear that Act 998 is even applicable.

We first addressed the issue of admissibility of evidence of an expunged deferred guilty plea in *Gosnell v. State*, 284 Ark. 299, 681 S.W. 2d 385 (1984),[4] where we allowed the evidence of an expunged conviction in sentencing on the issue of habitual offender status, stating without analysis that the expungement statutes do not state that a person is "free to commit more felonies without accountability as an habitual offender." *Gosnell*, 284 Ark. at 301. Similarly in *Baxter v. State*, 324 Ark. 440, 922 S.W. 2d 682 (1996), prior criminal cases expunged under Act 346 were held admissible because under Ark. Code Ann. § 5-4-504 (1987), enhancement in sentencing was allowed where there was either a conviction or where a person was "found guilty . . . ." *Baxter*, 324 Ark. at 445. A deferred plea of guilt constitutes an admission of guilt, and the criminal defendant is thus found guilty. One year later in *White v. State*, 330 Ark. 813, 958 S.W. 2d 519 (1997), this court affirmed a circuit court's decision to admit evidence of expunged deferred guilty pleas under Act 346, again noting that Ark. Code Ann. § 5-4-504 (1987) only required a finding of guilt. A plea of guilty offered to the court in Act 346 cases has therefore been held by this court to be a finding of guilt. In *Nooner v. State*, 322 Ark. 87, 907 S.W. 2d 677 (1995), this court affirmed admission of evidence of a prior robbery expunged under Act 346 because it was relevant as an aggravating circumstance.

There are also additional terms of Act 346 that are helpful in this analysis. Section 1 of Act 346 provided that "'expunge' shall not mean the physical destruction of any official records of law enforcement agencies or judicial officials."[5] Additionally, Section 5 of Act 346,[6] providing that divulging expunged information constituted a misdemeanor, excepted giving the information to "a law enforcement officer or judicial officer . . . ." If the records are not to be destroyed and are to be available to law enforcement and the courts, then there must be a post-expungement use for the records.

---

[4] These cases concern evidence admissible in sentencing. Some were decided prior to bifurcation into a trial on guilt and a trial for sentencing. However, the question before this court is whether expungement under Act 346 means the evidence is excluded for all purposes. Therefore, even the cases where the evidence was sought for sentencing cast light on general admissibility of evidence from expunged crimes.

[5] This portion of Act 346 was codified at Ark. Code Ann. § 16-93-301 (1987).

[6] Section 5 was codified at Ark. Code Ann. § 16-93-302(b)(1) (1987).

It should also be noted that in Act 1407 of 1999, the legislature added paragraph (B) to Ark. Code Ann. § 16-93-303 and paragraph (a)(3) to Ark. Code Ann. § 16-90-901. The additions are nearly identical. Section 16-93-303 (Supp. 1999) provides:

> Provided, however, that no person who pleads guilty or nolo contendere to, or is found guilty of, a sexual offense as defined by § 5-5-101 et seq. in which the victim was under eighteen (18) years of age shall be eligible for expungement of the record under this subchapter.

Similarly, § 16-90-901 (Supp. 1999) provides:

> No person who pleads guilty or nolo contendere to, or is found guilty of, a sexual offense as defined in this section and in which the victim was under the age of eighteen (18) years shall be eligible to have the offense expunged under the procedures set forth in this subchapter.

The bottom line is that while expungement was rightfully intended to provide the appropriate persons with a chance for a "fresh start," it was not intended to allow persons to commit subsequent criminal acts and have the prior admission of guilt shielded by Act 346. This court explained in *Duncan v. State*, 308 Ark. 205, 207, 823 S.W.2d 886 (1992) that a person's situation after acceptance of a deferred plea of guilty under Act 346 "is different from the unconvicted."

Having concluded that admission of the records from the expungement were not excluded by Ark. Code Ann. § 16-93-303, I also conclude that the records were relevant and admissible under Rule 404(b).[7] In this case, Davidson was accused of sexually assaulting the very same child he admitted assaulting in the 1994 proceedings. In *Hathcock v. State*, 357 Ark. 563, 182 S.W.3d 152 (2004), this court stated:

> When the charge concerns the sexual abuse of a child, evidence of other crimes, wrongs, or acts, such as sexual abuse of that child or other children, is admissible to show motive, intent, or plan

---

[7] I also must note that evidence of the sexual assault committed in 1993 was admitted in court without objection through the testimony of C.D.'s mother.

pursuant to Ark. R. Evid. 404(b). *Munson v. State,* 331 Ark. 41, 959 S.W.2d 391 (1998); *Douthitt v. State,* 326 Ark. 794, 935 S.W.2d 241 (1996). This exception to Rule 404(b) is known as the "pedophile exception," which provides:

> When the alleged crime is child abuse or incest, we have approved allowing evidence of similar acts with the same or other children in the same household when it is helpful in showing a proclivity for a specific act with a person or class of persons with whom the defendant has an intimate relationship.

*Parish v. State,* 357 Ark. 260, 163 S.W.3d 843 (April 29, 2004); *Taylor v. State,* 334 Ark. 339, 974 S.W.2d 454 (1998). The admission or rejection of evidence is left to the sound discretion of the trial court and will not be reversed absent an abuse of discretion.

Act 346 was passed to provide a first offender the opportunity to have his or her guilty plea expunged; however, the records of the guilty plea were to be retained for appropriate use by law enforcement and the courts. Where a person who has taken advantage of Act 346 is subsequently prosecuted on another offense, the expunged guilty plea may be considered where relevant. Therefore, I concur in the outcome reached by the majority but write separately.