SLIP OPINION


# SUPREME COURT OF ARKANSAS

No. CV-12-794

| | |
|---|---|
| CHARLES ISAAC WILSON, JR.<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | **Opinion Delivered** October 31, 2013<br><br>PRO SE MOTION FOR EXTENSION OF TIME AND MOTION FOR COPIES OF PLEADINGS AT PUBLIC EXPENSE [SEBASTIAN COUNTY CIRCUIT COURT, 66CV-12-880, HON. JAMES O. COX, JUDGE]<br><br>APPEAL DISMISSED; MOTIONS MOOT. |

## PER CURIAM

On August 8, 2012, the Sebastian County Circuit Court entered an order dismissing a writ of replevin filed by appellant Charles Isaac Wilson, Jr., against the State of Arkansas. The trial court found that the State had no property in its possession belonging to appellant and that all confiscated property had been returned to the proper persons. Appellant lodged this appeal from that order. Upon the tendering of appellant's brief-in-chief, the brief was returned to him for corrections because it did not conform to the rules of this court. The corrected brief was due on November 9, 2012. Now before us are appellant's motion for extension of time to file his brief and motion for copies at public expense.

We need not address the merits of the motions because it is clear from the record that appellant could not prevail on appeal if the appeal were permitted to go forward. *See Stevenson v. State*, 2013 Ark. 302 (per curiam); *Davis v. State*, 2013 Ark. 189 (per curiam). Accordingly, the appeal is dismissed, and the motions are moot.

The relevant facts are as follows: Appellant was arrested for delivery of a controlled substance on April 9, 2009. The confiscation report prepared by an officer with the Fort Smith Police Department lists seized property as a 2004 Mercury Marquis, $129 in United States currency, and $100 in United States currency.[1] The State filed an in rem civil action for the forfeiture of $127 and the 2004 Mercury Marquis, and it later amended the complaint to allege forfeiture of $129 instead of $127. Subsequently, the trial court granted the State's motion to dismiss the 2004 Mercury Marquis from the action due to the vehicle being returned to the registered owner, Charles I. Wilson, Sr. Almost a year later, the State moved to dismiss the $129 from the action due to the currency being returned to appellant, and the trial court granted the motion.

On July 23, 2012, appellant filed a writ of replevin with regard to the 2004 Mercury Marquis and assorted other items, which he alleged were confiscated by the Fort Smith Police Department in connection with his April 9, 2009 arrest. He also alleged that the police department confiscated $399 in cash but returned only $168 to him. In its motion to dismiss, the State alleged that the replevin action was barred by res judicata. The State further alleged that all confiscated items had been returned to the owner and that the State had no knowledge of any of the other items referred to in the replevin action being seized. Dismissing the replevin action, the trial court found that the State had no property in its possession belonging to appellant and that all confiscated property had been returned to the proper persons.

---

[1] Appellant was found guilty of delivery of a controlled substance and sentenced to serve forty years' imprisonment, with an additional twenty-year suspended sentence imposed. The Arkansas Court of Appeals affirmed. *Wilson v. State*, 2011 Ark. App. 382.

In his petition, appellant contended that he was entitled to recovery of a number of items that he alleged had been confiscated when he was arrested. However, he made no record to give rise to a finding that any of the named items remained in the possession of the State or that any confiscated items had not been returned to the proper person. The confiscation report lists only the vehicle and the money as being seized from appellant, and there is nothing in the record to support a finding that the items were not returned to the proper person.[2]

An appellant who seeks relief in this court has the burden to bring up a sufficient record upon which to grant relief. *Greene v. State*, 2013 Ark. 251 (per curiam). It is well settled that an appellant bears the burden of producing a record demonstrating error. *Id.* Where the appellant fails to meet his burden, this court has no choice but to affirm the trial court's decision. *Jackson v. State*, 2012 Ark. 41 (per curiam); *Davidson v. State*, 363 Ark. 86, 210 S.W.3d 887 (2005). Because appellant fails to meet his burden of producing a record demonstrating error, he could not prevail if his appeal were allowed to proceed. Accordingly, the appeal is dismissed, and appellant's motion for extension of time in which to file his brief and motion for copies of pleadings at public expense are moot.

Appeal dismissed; motions moot.

*Charles Isaac Wilson, Jr.*, pro se appellant.

No response.

---

[2]While the confiscation report lists the sums of $129 and $100 in United States currency as being confiscated from appellant, and the State reports returning only $129 to him, appellant does not raise any argument related to the $100. Instead, appellant's claim, which is not supported by the record, is that the police department confiscated $399 in cash but returned only $168 to him.