

# SUPREME COURT OF ARKANSAS

### No. CR-14-288

| | | |
|---|---|---|
| TERRY WAYNE CARTER | | **Opinion Delivered** February 12, 2015 |
| | APPELLANT | |
| | | PRO SE APPEAL FROM THE |
| V. | | HEMPSTEAD COUNTY CIRCUIT |
| | | COURT |
| | | [NOS. 29CR-13-70, 29CR-13-87] |
| STATE OF ARKANSAS | | |
| | APPELLEE | HONORABLE DUNCAN CULPEPPER, |
| | | JUDGE |
| | | |
| | | <u>AFFIRMED</u>. |

## PER CURIAM

In 2013, appellant Terry Wayne Carter entered a negotiated plea of nolo contendere in Hempstead County Court case number 29CR-13-87 to one count of theft of property–credit /debit card or account number and two counts of misdemeanor fraudulent use of a credit card. The judgment entered reflects that appellant received an aggregate sentence of 120 months' imprisonment in the Arkansas Department of Correction. Appellant filed in the trial court a timely petition for postconviction relief under Arkansas Rule of Criminal Procedure 37.1 (2014) that the court denied without a hearing.[1] Appellant lodged this appeal of the order denying Rule 37.1 relief. We affirm because appellant has failed to provide an adequate record for our review.

An appellant who seeks relief in this court has the burden to bring up a sufficient record

---

[1] The order denying appellant's petition references both 29CR-13-87 and 29CR-13-70. The order specifically notes, however, that appellant based some claims in his petition for relief from the judgment in 29CR-13-87 on the charges in 29CR-13-70 and filed no petition for relief in 29CR-13-70. None of appellant's points on appeal concern the trial court's findings on the claims based on the charges in 29CR-13-70.

on which to grant relief. *Wilson v. State*, 2013 Ark. 438 (per curiam). The party who asserts error is obliged to provide an adequate record before this court will address a ruling below. *See Thompson v. State*, 2013 Ark. 179 (per curiam).

Appellant raises four points on appeal, as follows: (1) trial counsel was ineffective for failing to inform appellant or the trial court that there were two witnesses who could prove appellant's innocence; (2) trial counsel was ineffective for failing to object to the court sentencing appellant as a habitual offender; (3) the trial court erred in denying the Rule 37.1 petition without a hearing and failed to provide sufficient written findings of fact; (4) trial counsel was ineffective for failing to advise appellant or the trial court that the State's evidence did not support the charges against appellant. The trial court found that appellant had averred that he was satisfied with counsel in a signed acknowledgment, that appellant stipulated that there was sufficient evidence against him when he entered his plea, that the court addressed the issue of his habitual-offender status during the plea proceedings, and that appellant acknowledged having four or more prior felony convictions. Appellant contends that the trial court overlooked affidavits in support of his claims that were sent with his Rule 37.1 petition, that he only agreed to a plea without the habitual-offender enhancement, and that the trial court failed to provide written findings of fact in accord with Rule 37.3(a).

We are unable to determine whether the trial court's findings were sufficient concerning appellant's claims because the record does not contain either the affidavits that appellant contends were overlooked or any record of the plea proceedings that were referenced in the order denying postconviction relief. *See Jackson v. State*, 2012 Ark. 41 (per curiam). Because the

SLIP OPINION

record is therefore insufficient concerning all of appellant's points on appeal, we must affirm on appeal.

Affirmed.

*Terry Wayne Carter*, pro se appellant.

*Dustin McDaniel*, Att'y Gen., by: *Pamela A. Rumpz*, Ass't Att'y Gen., for appellee.