RAYMOND R. ABRAMSON, Judge
Valeria Andrea Forkum appeals the Benton County Circuit Court order following her guilty plea entered pursuant to the Arkansas First Offender Act, which is codified at Arkansas Code Annotated sections 16-93-301 to -305 (Repl. 2016). On appeal, Forkum argues that the circuit court erred by denying her motion to transfer her criminal case to the division of the circuit court presiding over a dependency-neglect case involving her and her daughters. We dismiss the appeal.
On April 7, 2016, the State charged Forkum with second-degree domestic battery, third-degree domestic battery, and two counts of endangering the welfare of a minor. The charges stemmed from claims that Forkum had physically and emotionally abused her two daughters. The Arkansas Department of Human Services (DHS) opened a dependency-neglect case concerning the alleged abuse.
On April 8, 2016, the criminal division of the circuit court entered a no-contact order between Forkum and her daughters, and the court found that the no-contact order "shall remain in effect until modified or terminated by subsequent order of this court or until final disposition of the case by the court."
On April 18, 2016, the court held an arraignment hearing in which Forkum pled not guilty. She also asked the court to modify the April 8, 2016 no-contact order to allow DHS to offer her certain services. The court denied her request. Forkum then orally requested the court to transfer her criminal case to the division of the circuit court hearing the dependency-neglect petition. The court set a hearing on Forkum's transfer motion for June 20, 2016, but the hearing was later continued to July 6, 2016.
Before the transfer hearing, on May 31, 2016, Forkum filed a brief in support of her transfer motion. She argued that Arkansas Code Annotated section 9-27-306(a)(3)(A)-(B) (Repl. 2015) required the court to transfer the case.
(3)(A) When the department exercises custody of a juvenile under the Child Maltreatment Act, § 12-18-101 et seq., files a petition for an ex parte emergency order, or files a petition for dependency-neglect concerning that juvenile, *858 before or subsequent to the other legal proceeding, a party to that petition may file a motion to transfer any other legal proceeding concerning the juvenile to the court hearing the dependency-neglect petition.
(B) Upon the filing of a motion, the other legal proceeding shall be transferred to the court hearing the dependency-neglect case.
(Emphasis added.) Forkum asserted that her criminal case constituted a "legal proceeding concerning the juvenile[s]" and because the subsection uses the word "shall," the circuit court was required to transfer the case. The State objected to the transfer. On July 6, 2016, the court held the transfer hearing, and the court orally denied the motion. The court entered a written order on that day.
On August 1, 2016, Forkum filed a "Notice of Appeal" of the July 6, 2016 order denying her motion to transfer. Specifically, she sought an interlocutory appeal or a writ of mandamus from our supreme court. On September 19, 2016, the supreme court denied Forkum's petition for a writ of mandamus without opinion.
Thereafter, on October 3, 2016, Forkum pled guilty to the criminal charges under the Arkansas First Offender Act. The court sentenced her to seventy months' probation, ordered her to serve 120 days in county jail, and fined her $1000. The court ordered that Forkum be released to work while serving her sentence in the county jail. The court also ordered that the no-contact order remain in place and set a status hearing for November 16, 2016. Forkum stated on the record that she understood that by pleading guilty, she waived her right to appeal the matter.
The court held the scheduled status hearing on November 16, 2016. At the hearing, Forkum renewed her motion to transfer the case to the division of the circuit court hearing the dependency-neglect petition. The court again denied the motion. The court heard testimony from Forkum's daughters and ordered that the no-contact order remain in place. Forkum also requested the court to extend her work-release hours for time to travel to work, and the court granted that request. On the same day as the hearing, the court entered a written order extending her work-release hours.[1]
Forkum timely appealed the November 16, 2016 order to this court. On appeal, Forkum argues that the circuit court erred by denying her motion to transfer her criminal case to the division of the circuit court hearing the dependency-neglect case. She further argues that because the circuit court erred in retaining the case, the court consequently erred by implementing the no-contact order between her and her daughters. Because we do not have jurisdiction of the appeal, we cannot address the merits of Forkum's argument.
Rule 1(a) of the Arkansas Rules of Appellate Procedure-Criminal (2017) provides,
Right of Appeal. Any person convicted of a misdemeanor or a felony by virtue of trial in any circuit court of this state has the right to appeal to the Arkansas Court of Appeals or to the Supreme Court of Arkansas.
We have held that where there is no conviction, there is no right to appeal. See Lynn v. State , 2012 Ark. 6, 2012 WL 205881 ; Hughes v. State , 2011 Ark. 147, 2011 WL 1319851. Under the Arkansas *859 First Offender Act, an accused enters a plea of guilty or nolo contendere before an adjudication of guilt, and the circuit court, without entering a judgment of guilt and with the defendant's consent, may defer further proceedings and place the defendant on probation for a period of not less than one year. Ark. Code Ann. § 16-93-303(a)(1)(A)(i) ; see also Thomas v. State , 349 Ark. 447, 79 S.W.3d 347 (2002). Thereafter, upon fulfillment of the terms and conditions of probation, the defendant shall be discharged without court adjudication of guilt, and the court shall enter an appropriate order dismissing the case, discharging the defendant, and expunging the record. Ark. Code Ann. § 16-93-303(b). Our supreme court has recognized that a plea of guilty or nolo contendere tendered pursuant to the First Offender Act is not a conviction. Lynn , 2012 Ark. 6 ; Montoya v. State , 2010 Ark. 419, 2010 WL 4366905 ; Harrell v. State , 331 Ark. 232, 962 S.W.2d 325 (1998) ; Duncan v. State , 308 Ark. 205, 823 S.W.2d 886 (1992). In this case, Forkum entered a guilty plea pursuant to the First Offender Act. Thus, she was not "convicted of a misdemeanor or a felony," and she has no right to appeal.
Further, even if Forkum stood convicted, she has no right to appeal because she pled guilty. Arkansas Rule of Appellate Procedure-Criminal 1(a) also provides that there is no direct appeal from a plea of guilty. An exception is created when a conditional plea of guilty is premised on an appeal of the denial of a suppression motion pursuant to Arkansas Rule of Criminal Procedure 24.3 (2017). Seibs v. State , 357 Ark. 331, 166 S.W.3d 16 (2004). Two other exceptions to the general rule are (1) when there is a challenge to testimony or evidence presented before a jury in a sentencing hearing separate from the plea itself and (2) when the appeal is from a posttrial motion challenging the validity and legality of the sentence itself. Id. Absent one of the exceptions, a defendant waives her right to appeal when she pleads guilty. Davis v. State , 2010 Ark. 393, 2010 WL 4156362 (per curiam). Here, Forkum's guilty plea does not lie within any of these exceptions. Accordingly, she has no right to appeal.
In her reply brief, Forkum argues that she is not appealing her conviction. Instead, she asserts that she is appealing the court's continuance of the no-contact order. Her argument is without merit. When Forkum entered her guilty plea on October 3, 2016, Forkum acknowledged that the terms of her guilty plea included that the no-contact order would remain in effect, and she further acknowledged that by pleading guilty, she waived her right to an appeal. Accordingly, she has no right to appeal, and we dismiss.
Dismissed.
Vaught and Hixson, JJ., agree.

The written order does not reference the no-contact order or the denial of the motion to transfer.