Cite as 2025 Ark. App. 86

# ARKANSAS COURT OF APPEALS
DIVISION IV
No. CR-23-531

| | |
|---|---|
| JEREMY JERMANE HAWKINS<br>APPELLANT<br><br>V.<br><br>STATE OF ARKANSAS<br>APPELLEE | Opinion Delivered February 12, 2025<br><br>APPEAL FROM THE OUACHITA COUNTY CIRCUIT COURT<br>[NO. 52CR-07-264]<br><br>HONORABLE ROBIN J. CARROLL, JUDGE<br><br>AFFIRMED |

## WENDY SCHOLTENS WOOD, Judge

Appellant Jeremy Jermane Hawkins appeals the Ouachita County Circuit Court's order denying his petition for postconviction relief pursuant to Rule 37.1 of the Arkansas Rules of Criminal Procedure. On appeal, he argues that the circuit judge should have recused himself from Hawkins's case due to a conflict and that the court did not enter sufficient written findings explaining its reasons for denying the petition. We affirm.

On September 29, 2007, Hawkins shot Richard Dennis while Dennis was visiting Hawkins's cousin. Hawkins was subsequently convicted by a Ouachita County jury of attempted first-degree murder, first-degree battery, and possession of a firearm by certain persons and sentenced as a habitual offender to ninety years' imprisonment. Hawkins filed an appeal challenging the sufficiency of the evidence on all three convictions, and we

affirmed in *Hawkins v. State*, 2009 Ark. App. 675, and issued a mandate on November 10, 2009.

Hawkins filed a timely, verified petition for postconviction relief pursuant to Rule 37 of the Arkansas Rules of Criminal Procedure on January 11, 2010, arguing that counsel rendered ineffective assistance (1) for failing to investigate the State's case, failing to evaluate the strength of the State's case, and placing Hawkins on the stand and eliciting incriminating testimony rather than seeking a plea bargain; and (2) for failing to present mitigating evidence that the crime was committed in the heat of passion with an agitated state of mind. Hawkins also argued that he was punished twice for the same crime because he claims that first-degree battery is a lesser-included offense of attempted first-degree murder. The record Hawkins lodged in this court does not contain the State's response or the circuit court's order deciding Hawkins's Rule 37 petition, but it does contain a docket sheet reflecting that the State filed a response on January 28, 2010; that Hawkins filed a motion for transcript on February 15, 2013; and that Hawkins filed a notice of appeal on April 4, 2016. Hawkins did not lodge the record relative to his April 4 notice of appeal.

Besides Hawkins's 2008 sentencing order, his 2010 Rule 37 petition, and the docket sheet, the only other documents that the record lodged in this court contains are an order of the Ouachita County Circuit Court entered on July 29, 2020, denying Hawkins's Rule 37 petition and a timely notice of appeal from that order. The circuit court denied the petition because the petition had already been reviewed and previously denied, and Hawkins's failure

to perfect his appeal from the denial is not a basis for relief.[1] The court found, alternatively, that Hawkins's petition failed to raise any arguments for which relief might be granted because the claims were bare, conclusory statements; concerned matters of trial strategy; and failed to establish ineffective assistance of counsel under *Strickland v. Washington*, 466 U.S. 668 (1984). Hawkins appeals from this order.

We do not reverse the denial of postconviction relief unless the circuit court's findings are clearly erroneous. *Johnson v. State*, 2018 Ark. 6, at 2, 534 S.W.3d 143, 146. A finding is clearly erroneous when the appellate court, after reviewing the entire evidence, is left with the definite and firm conviction that the circuit court made a mistake. *Id.* at 2, 534 S.W.3d at 146.

Hawkins, appearing pro se, argues two points on appeal: (1) the circuit judge violated Rule 2.11(A)(6)(a) of the Arkansas Code of Judicial Conduct and section 12 of amendment 80 to the Arkansas Constitution by failing to recuse himself from Hawkins's case due to a conflict of interest, and (2) the circuit court erred by failing to make sufficient written findings explaining why his claims had no merit. However, Hawkins does not challenge the circuit court's first reason for denying his petition—that the petition had already been reviewed and previously denied. When an appellant fails to attack a circuit court's independent, alternative basis for its ruling, we will not reverse. *Barber v. State*, 2015 Ark.

---

[1] It is not the responsibility of the circuit clerk, circuit court, or anyone other than the appellant to perfect an appeal. *Daniels v. State*, 2009 Ark. 607, at 3.

App. 120, at 5 (citing *Pugh v. State*, 351 Ark. 5, 89 S.W.3d 909 (2002)). Accordingly, we affirm the circuit court's denial.[2]

Affirmed.

TUCKER and BROWN, JJ., agree.

*Jeremy Jermane Hawkins*, pro se appellant.

*Tim Griffin*, Att'y Gen., by: *David L. Eanes, Jr.*, Ass't Att'y Gen., for appellee.

---

[2]We note also that the record lodged by Hawkins in this court is woefully insufficient for our review. A petitioner who seeks relief in this court has the burden of bringing up a sufficient record upon which to grant that relief. *Daniels*, 2009 Ark. 607; *Davidson v. State*, 363 Ark. 86, 210 S.W.3d 887 (2005). Hawkins did not. It is well settled that an appellant bears the burden of producing a record that demonstrates error, and this court does not consider matters outside the record on appeal. *Miles v. State*, 350 Ark. 243, 85 S.W.3d 907 (2002). A pro se litigant is held to the same standards as licensed attorneys inasmuch as an adequate record is necessary if this court is to make a finding of error. *Green v. State*, 2014 Ark. 284, at 2.