Alphonso Shuntly WILSON *v.* STATE of Arkansas

CR 05-870                                      232 S.W.3d 455

Supreme Court of Arkansas
Opinion delivered March 16, 2006

*Law Office of Mac Golden, PLLC,* by: *Mac Golden,* for appellant.

*Mike Beebe,* Att'y Gen., by: *David J. Davies,* Ass't Att'y Gen., for appellee.

Jim Gunter, Justice. This appeal arises from the conviction and sentence of appellant, Alphonso Shuntly Wilson, by a Pulaski County jury for the death of his landlord, William Cunningham, Sr. Appellant was convicted of capital murder, a violation of Ark. Code Ann. § 5-10-101(a)(4) (Supp. 2003), a class Y felony, and was sentenced to life imprisonment without parole. On appeal, appellant challenges the sufficiency of the evidence to support his conviction. We affirm the jury's verdict.

The victim, who was almost ninety-two years of age, and his wife, Rose Cunningham, who suffered from Alzheimer's disease, lived in Wrightsville with several separate, leased residences on the property. On January 14, 2004, Cleo Hall, a caretaker for the victim and his wife, arrived at the Cunningham residence and found the victim dead, lying in a pool of blood in the breakfast area of his home. She immediately located his wife, who was uninjured in the back bedroom, and called 911.

Jackie Bunting, one of the victim's neighbors, testified that, on the afternoon of January 13, 2004, she saw Mr. Cunningham on the porch of appellant's residence, where he and his brother, Charles Stevenson, argued loudly with the victim about their rent. Appellant lived with his brother and his mother, Denise Wilson, in a rental home approximately seventy-five feet from the Cunningham home. Investigator Stephenson located a garbage bag across the street that contained several items, including clothing, gloves, shoes, a bloody hammer, and a bloody knife.

Denise Wilson and Charles Stevenson were taken to the Pulaski County Sheriff's Office for questioning. Police located appellant at a construction site where he worked, and he was also transported to the sheriff's office for questioning. Initially, appellant gave a statement that, on the night of the murder, he had been working, shooting pool, and visiting a girlfriend. However, when pressed for specific information, appellant could not provide it.

Appellant was later interviewed by Investigator James Lett, who advised appellant of his Miranda rights, and appellant signed a waiver form. During a taped interview, appellant stated that Mr. Cunningham approached his mother's residence and asked, "You the one selling dope, ain't you?" Appellant replied, "No, I don't sell dope." Mr. Cunningham then threatened to call the police and returned to his home. After Mr. Cunningham left, appellant's brother said, "Man, we ought to go kill this man for messing with your momma, messing with momma like this, talking bad to her." Appellant's brother and mother went to the residence to kill Mr. Cunningham, and his mother later returned and told appellant to join them. According to the testimony of Dr. Charles Kokes, the chief medical examiner at the Arkansas State Crime Laboratory, Mr. Cunningham suffered multiple injuries, caused by blunt force trauma and stabbing, and died as a result of those injuries.

On March 16, 2004, appellant, his brother, and his mother were charged by felony information with capital murder. The case proceeded to trial on May 18, 2005. In his motions for directed verdict, appellant challenged the sufficiency of the evidence, and the circuit court denied the motions. The jury convicted appellant of capital murder, and because the State waived the death penalty, appellant was sentenced to life imprisonment without parole. A judgment and commitment order was entered on June 7, 2005. From this order, appellant brings his appeal.

For his sole point on appeal, appellant argues that the circuit court erred in denying his motion for directed verdict. Specifi-

cally, he contends that there was insufficient evidence to support his conviction because the evidence presented at trial failed to show appellant as an accomplice to the crime. In response, the State argues that the circuit court properly denied appellant's motion for directed verdict because substantial evidence demonstrated that appellant was an accomplice to Mr. Cunningham's murder.

We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Cluck v. State*, 365 Ark. 166, 226 S.W.3d 780 (2006). We have repeatedly held that, in reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Id*. We affirm a conviction if substantial evidence exists to support it. *Id*. Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id*. When a theory of accomplice liability is implicated, we affirm a sufficiency-of-the-evidence challenge if substantial evidence exists that the defendant acted as an accomplice in the commission of the alleged offense. *Cook v. State*, 350 Ark. 398, 86 S.W.3d 916 (2002).

Appellant was charged with capital murder, which requires premeditated and deliberated purpose in causing the death of another person. Ark. Code Ann. § 5-10-102(a)(4) (Supp. 2003). Appellant's criminal liability is based upon his status as an accomplice. Under accomplice liability, a person may commit an offense by his own conduct or by that of another person. Ark. Code Ann. § 5-2-401 (Repl. 1997). A person is criminally liable for the conduct of another person when he is the accomplice of another person in the commission of an offense. Ark. Code Ann. § 5-2-402 (Repl. 1997). A person is an accomplice when he or she solicits, advises, encourages, coerces, aids, agrees to aid, or attempts to aid in the commission of an offense. Ark. Code Ann. § 5-2-403(b)(1-2) (Repl. 1997).

We have said that there is no distinction between principals on the one hand and accomplices on the other, insofar as criminal liability is concerned. *Jefferson v. State*, 359 Ark. 454, 198 S.W.3d 527 (2004). When two people assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. *Cook v. State*, 350 Ark. 398, 86 S.W.3d 916

(2002). One cannot disclaim accomplice liability simply because he did not personally take part in every act that went to make up the crime as a whole. *Id.*

Viewing the evidence in the light most favorable to the State, we turn to the present case to determine whether there was sufficient evidence to support appellant's conviction. In a taped confession admitted during the testimony of Investigator Lett, appellant admitted his involvement in the murder. Mr. Cunningham accused him of being a drug dealer to which appellant responded, "No, I don't sell dope." After his brother suggested killing Mr. Cunningham, appellant's mother directed appellant to watch his little brother, but she soon returned, telling appellant that "Charles done knocked this mother f***er out, come on."

Appellant served as an accomplice to the murder in the following manner. First, he followed his mother's order and admitted to putting on gloves before going to the scene. Second, he directed his brother to "come on down" from the attic because "Mr. Cunningham moved," suggesting that his brother needed to finish killing the victim, and he did while appellant watched. Third, he hid one of the murder weapons, a bloody knife, in a black garbage bag that was later discovered by Investigator Stephenson. Fourth, at the direction of his brother, appellant disposed of two sets of keys from the crime scene. While it is true that appellant's presence at the crime scene does not make him an accomplice as a matter of law, *see Atkinson v. State,* 347 Ark. 336, 64 S.W.3d 259 (2002), appellant's conduct to which he confessed amounted to more than mere presence at the murder scene.

We have said that circumstantial evidence may provide a basis to support a conviction, but it must be consistent with the defendant's guilt and inconsistent with any other reasonable conclusion. *Edmond v. State,* 351 Ark. 495, 95 S.W.3d 789 (2003). Whether the evidence excludes every other hypothesis is left to the jury to decide. *Carmichael v. State,* 340 Ark. 598, 12 S.W.3d 225 (2000). The credibility of witnesses is an issue for the jury and not the court. *Burley v. State,* 348 Ark. 422, 73 S.W.3d 600 (2002). The trier of fact is free to believe all or part of any witness's testimony and may resolve questions of conflicting testimony and inconsistent evidence. *Id.* Here, the jury concluded that appellant was an accomplice to capital murder. Based upon the foregoing reasons, as

well as our standard of review, we hold that there was sufficient evidence to support appellant's conviction. Accordingly, we affirm the jury's verdict.

Further, in compliance with Ark. Sup. Ct. R. 4-3(h), the record has been examined for all objections, motions, and requests made by either party that were decided adversely to appellant, and no prejudicial error has been found. *Wilkerson v. State*, 365 Ark. 349, 229 S.W.3d 896 (2006).

Affirmed.