Wayne GORMAN *v.* STATE of Arkansas

CR 05-793                                                233 S.W.3d 622

Supreme Court of Arkansas
Opinion delivered April 6, 2006

*Doug Norwood* and *Susan Lusby*, for appellant.

*Mike Beebe*, Att'y Gen., by: *David J. Davies*, Ass't Att'y Gen., for appellee.

JIM GUNTER, Justice. This appeal arises from the misdemeanor conviction and sentence of appellant, Wayne Gorman, for driving with a suspended license. Appellant's license was suspended for driving while intoxicated (DWI), pursuant to Ark. Code Ann. § 5-65-104 (Supp. 2003). On appeal, appellant challenges the sufficiency of the evidence to support his conviction and the circuit court's denial of his motion to suppress a statement. We affirm the circuit court's rulings.

On January 2, 2004, Officer Josh Carlson of the Springdale Police Department stopped appellant for a defective trailer taillight. The officer informed appellant of the nature of the stop, and appellant does not dispute the legality of the stop. During the stop, Officer Carlson asked to see appellant's driver's license, registration, and proof of insurance. Appellant handed Officer Carlson an Arkansas identification card instead of a driver's license, his registration, and proof of insurance.

The officer returned to his patrol car to run a warrant check on appellant, and he was advised by dispatch that appellant's

driver's license was suspended. Officer Carlson then asked appellant if he was aware that his driver's license was suspended, and appellant replied, "Yes." The officer asked if someone could pick up appellant's truck and gave him a citation to appear in court for driving with a suspended license. There is no evidence of an arrest in the record. In fact, Officer Carlson testified that he gave appellant the traffic citation "before letting him go."

Appellant appeared in Rogers District Court and was found guilty of driving with a license suspended for DWI and appealed to circuit court. On December 7, 2004, the circuit court held a suppression hearing and a bench trial. Officer Carlson testified at the hearing, and during his testimony, a certified driving record was introduced into evidence that indicated that appellant's license was suspended for a DWI conviction. Counsel offered to brief the issues.

On February 8, 2005, appellant filed a motion to suppress his roadside statement for *Miranda* violation and motion to dismiss for insufficient evidence. In his motion, appellant argued that his admission to Officer Carlson should be suppressed, and, absent that admission, the driving record produced by the State was insufficient evidence of his suspended license. On February 22, 2005, the State responded, arguing that roadside questioning during a routine traffic stop does not constitute questioning for purposes of the *Miranda* rule, and that the facts showed that appellant had actual knowledge that his driving privilege was suspended when he was stopped by Officer Carlson.

The circuit court conducted a proceeding for a ruling on the issues on March 23, 2005. Defense counsel argued that *Miranda* warnings would be implicated and made a motion for directed verdict on the basis that the State could not prove notice to appellant that his license was suspended. The State argued that appellant had knowledge of his suspended driving license. The circuit court denied appellant's motion for directed verdict, and after hearing arguments, ruled from the bench that *Miranda* warnings were not warranted during a routine traffic stop. The circuit court overruled appellant's motion to suppress and found that appellant had actual notice that his license was suspended.

On April 20, 2005, the circuit court entered an order, finding appellant guilty of driving with a license suspended by reason of a second-offense DWI. The court sentenced appellant to court costs of $150, a $750 fine of which $500 was suspended

conditioned on no similar offenses for a period of one year, and ten days in jail with a one-day credit. Appellant brings his appeal from these rulings.

For his first point on appeal, appellant argues that the trial court erred in denying appellant's motion for directed verdict because the State failed to prove that appellant received notice that his driver's license was suspended. Specifically, appellant contends that he was never given written notice pursuant to Ark. Code Ann. § 27-16-907(c) and (d) (Repl. 1997). Citing *Bell v. Burson*, 402 U.S. 535 (1971), appellant asserts that due-process requirements extend to a suspension of a driver's license. The State responds, arguing that there was substantial evidence to support appellant's convictions.

We treat a motion for directed verdict as a challenge to the sufficiency of the evidence. *Cluck v. State*, 365 Ark. 166, 226 S.W.3d 780 (2006). We have repeatedly held that in reviewing a challenge to the sufficiency of the evidence, we view the evidence in a light most favorable to the State and consider only the evidence that supports the verdict. *Id.* We affirm a conviction if substantial evidence exists to support it. *Id.* Substantial evidence is that which is of sufficient force and character that it will, with reasonable certainty, compel a conclusion one way or the other, without resorting to speculation or conjecture. *Id.*

Appellant was convicted and sentenced for driving with a license suspended for DWI, pursuant to Ark. Code Ann. § 5-65-105, which provides:

> Any person whose privilege to operate a motor vehicle has been suspended or revoked under the provisions of this act, who shall operate a motor vehicle in this state during the period of such suspension or revocation, shall be imprisoned for ten (10) days and may be assessed a fine of not more than one thousand dollars ($1,000).

*Id.*

With our standard of review, as well as this statute, in mind, we turn to the present case. The facts are not in dispute, and the validity of the traffic stop is not at issue. Here, the following evidence supports that appellant's license was suspended. First, Officer Carlson testified that appellant gave him an Arkansas identification card when asked for a driver's license. Second,

Officer Carlson testified that, when he learned from dispatch that appellant's license was suspended, he returned to the car and asked appellant if he knew his license was suspended. Appellant responded, "Yes." He admitted that he knew his license was suspended. Third, the State at trial produced a certified driving record indicating that appellant's license was suspended for a DWI that occurred in December 2002.

■ Under Ark. Code Ann. § 5-65-105 (Repl. 2005), the State must prove that (1) appellant operated a motor vehicle (2) while his license was suspended. Here, Officer Carlson's testimony, as well as the certified driving record produced by the State, satisfy the elements that (1) appellant was driving (2) with a suspended license. Although the statute does not expressly require that appellant knew his driving privilege was suspended, his admission to the officer proves his knowledge. For these reasons, we hold that there was sufficient evidence to support appellant's misdemeanor conviction and sentence. Accordingly, we affirm the circuit court on this point.

Citing *Bell, supra,* appellant makes a due-process argument with little analysis or citation to authority. That case involved Georgia's motor vehicle safety responsibility statute, which provided that an uninsured motorist's motor vehicle registration and driver's license were subject to suspension if he was involved in an accident and failed to post security to cover the damages claimed. The appellant in *Bell* was involved in an accident in which a child ran into the side of his car. He offered to prove that he was not at fault but was given thrity days to post security or have his license and registration revoked. The United States Supreme Court reversed and held that before the state could suspend the petitioner's license and registration, procedural due process required that he be afforded a hearing to determine whether there was a reasonable possibility of a judgment being rendered against him as a result of the accident. The Court also held that, except in emergency situations, the hearing must be held prior to the license suspension. *Id.*

■ The *Bell* case is distinguishable from the case at bar. Here, the State has set forth a procedure by which an individual may challenge the suspension of his license. *See* Ark. Code Ann. § 27-16-907. Any licensee desiring a hearing shall notify the Office of Driver Services within twenty days of the suspension of his license. Ark. Code Ann. § 27-16-907(c)(2). At that time,

appellant should have raised his constitutional arguments to that particular agency. Thus, we will not reach the merits of his constitutional argument in this appeal.

For his second point on appeal, appellant argues that the circuit court erred in not suppressing his statement because it was taken in violation of *Miranda v. Arizona*, 384 U.S. 436 (1966). Specifically, appellant contends that his statement should have been suppressed because it was a direct result of custodial questioning by the officer. In response, the State argues that the circuit court did not err by denying appellant's motion to suppress, citing *Berkemer v. McCarthy*, 468 U.S. 420 (1984), and *Shelton v. State*, 287 Ark. 322, 699 S.W.2d 728 (1985), for its position. The State contends that *Miranda* warnings were not required during appellant's routine traffic stop.

We have said that the police have a right to investigate and to ask investigatory questions, and warnings are not required if the questioning by police is simply investigatory. *Parker v. State,* 258 Ark. 880, 529 S.W.2d 860 (1975). Police inquiry is purely investigatory and proper until the suspect is restrained in some significant way. *Miranda v. Arizona*, 384 U.S. 436 (1965); *Parker, supra.* An individual who, after a routine traffic stop, remains seated in the car is not subjected to restraints comparable to those associated with a formal arrest, and therefore, police inquiry under those circumstances does not constitute custodial interrogation for *Miranda* purposes. *Berkemer v. McCarty,* 468 U.S. 420 (1984). In *Berkemer,* the United States Supreme Court held that persons temporarily detained pursuant to a routine traffic stop are not "in custody" for purposes of *Miranda.* The Court reasoned that *Miranda* warnings were not required in such cases because the stop was temporary, it was public, and the atmosphere on a public street is not comparable to the "police dominated" custodial interrogation. The Court held that a motorist who is detained pursuant to a traffic stop is entitled to recitation of his rights only when the stop becomes such that he is "subjected to treatment that renders him 'in custody' for practical purposes." *Id.* at 439-40.

We adopted the *Berkemer* holding in *Shelton v. State*, 287 Ark. 322, 699 S.W.2d 728 (1985), where we recognized that interrogation in a police car is considered a significant factor in finding an individual under custodial interrogation. To determine whether or not one has been subjected to custodial interrogation so as to require the giving of *Miranda* warnings, we set forth the following test:

It is settled that the safeguards prescribed by *Miranda* become applicable as soon as a suspect's freedom of action is curtailed to a degree associated with formal arrest. A policeman's unarticulated plan has no bearing on the question whether a suspect was 'in custody' at a particular time; the only relevant inquiry is how a reasonable man in the suspect's position would have understood his situation.

287 Ark. at 328–29, 699 S.W.2d at 731 (quoting *Berkemer v. McCarty,* 468 U.S. 420 (1984)). Further, in *Manatt v. State,* 311 Ark. 17, 842 S.W.2d 845 (1992), we held that, where the officer issued the offender a citation in lieu of making an arrest after a routine traffic stop, the accused was not "in custody" for purposes of *Miranda* warnings.

■ For his position, appellant cites several pre-*Berkemer* cases and one post-*Berkemer* case, *People v. Polander,* 41 P.3d 698 (Colo. 2001), which are outside our jurisdiction, urging us to overrule our longstanding precedent on this issue. We see no reason to do so. Here, the facts demonstrate that appellant was not subject to custodial interrogation because the statement that appellant seeks to have suppressed was given in the course of a routine traffic stop. When Officer Carlson learned that appellant's license was suspended, the officer simply asked appellant if he knew. Appellant responded, "Yes." At that time, appellant sat in his car on the side of the road. Appellant was never arrested, and after Officer Carlson gave him the traffic citation, he was free to go. Thus, appellant was not subjected to restraints comparable to those associated with a formal arrest, and therefore, he was not subjected to custodial interrogation for *Miranda* purposes. We hold that *Miranda* warnings were not required in this instance, and the trial court did not commit reversible error in denying appellant's motion to suppress. Accordingly, we affirm on this point.

Affirmed.