Robin F. Wynne, Justice, concurring in part and dissenting in part. | inWhile I fully agree with the majority regarding the second point on appeal, I would reverse on the first point because the evidence is insufficient to support the verdict. The undisputed evidence shows that neither appellant nor his accomplice obtained the laptop by threat of serious physical injury to any person. Therefore, I respectfully dissent. As noted in the majority opinion, this case involves the taking of a laptop computer from a college student, Samuel Shelton, who thought that he was meeting a potential purchaser on the campus of the University of Arkansas at Little Rock. Shelton’s roommate, Christopher Dunbar, and friends Tyler Kent, Carissa Asetta, and Ryan Reed were with him; Reed and Kent sat at a table with Shelton, while Dunbar and Asetta sat at a different table to observe. Two men, one wearing a white shirt and the other wearing a black shut, came up to Shelton and asked if he was the one selling the laptop; they said that their friend was coming to purchase it. They sat there for about fifteen minutes, when suddenly the man in the black shirt grabbed the laptop and started to run. Shelton stood up to run after him but was pushed down by the man in the white shirt, who was later identified as Hinton. Ryan Reed tackled the man with the laptop, and Hinton came by, grabbed the láptop, and continued to run. Chris Dunbar immediately dialed campus police and kept them on the phone as he followed Hinton. Shelton and Dunbar followed the two men as they ran off campus; Kent followed from behind. Shelton and Dunbar both testified to seeing Hinton holding a small pistol in his right hand as he carried the laptop box in his left hand. Dunbar testified that Hinton pointed the gun at him on two occasions after the laptop was taken. InHinton argues that thé circuit court erred in denying his motion for directed verdict on the charge of Class B felony theft of property by threat of serious physical injury because the State failed to introduce substantial evidence that either appellant or his accomplice obtained Shelton’s laptop computer by threat of serious physical injury. On appeal from the denial of a directed-verdict motion challenging the sufficiency of the evidence, we view the evidence in the light most favorable to the verdict, considering only the evidence that supports the verdict, and determine whether the verdict is supported by substantial. evidence, which is evidence of sufficient certainty and precision to compel a conclusion one way or the other and pass beyond mere suspicion or conjecture. Turner v. State, 2014 Ark. 415, at ¶ 3, 443 S.W.3d 535, 537. As applicable in the present case, a person commits theft of property if he or she knowingly “[tjakes or exercises unauthorized control over ... the property of another person with the purpose of depriving the owner of the property.” Ark.Code Ann. § 5-36-103(a) (Repl. 2013). Hinton was convicted under Ark.Code Ann. section 5—36—103(b)(1)(B) for obtaining Shelton’s laptop computer “by threat of serious physical injury to any person.” Here, Hinton argues that when he obtained the laptop, there was no threat of serious physical injury to any person. The State concedes that the act of pushing Shelton to the ground was not a threat of serious physical injury. Instead, the State contends that “appellant’s display of the gun and pointing it at Dunbar as he was fleeing constituted the threat of serious injury.” According to the State, that this occurred after appellant’s accomplice took the computer does not matter because theft is a continuing offense, lasting as long as the thief retains the stolen [^property. The case that the State cites for this proposition, however, is not on point. In Hall v. State, 299 Ark. 209, 772 S.W.2d 317 (1989), this court held that theft by receiving—not theft of property—is a continuing offense. 299 Ark. at 213, 772 S.W.2d at 320 (citing State v. Reeves, 264 Ark. 622, 574 S.W.2d 647 (1978) (theft by receiving is a continuing offense for purposes of statute of limitations)). Notably, the State does not argue that Hinton pointed the gun at Dunbar before the laptop was taken from Shelton. Instead, the State contends that it is sufficient that Hinton pointed the gun at Dunbar twice during the pursuit. I find merit in Hinton’s argument. He and his accomplice[1] obtained the computer without a threat of serious physical injury—his accomplice simply grabbed it and ran. The threat of serious physical injury by pointing the gun clearly occurred after the property had been obtained from Shelton. Nor was there a threat of serious physical injury to any person when the laptop was passed from his accomplice to Hinton. Unlike the offense of robbery, the General Assembly has not defined the theft-of-property statute to include the use or threat of force in resisting apprehension immediately after committing the offense. See Ark.Code Ann. § 5-12-102(a) (“A person commits robbery if, with the purpose of committing a felony or misdemeanor theft dr resisting apprehension immediately after committing a felony or misdemeanor theft, the person employs or threatens to immediately employ physical force upon another person.” (Emphasis added.)) | ^Accordingly, I would reverse Hinton’s conviction for Class B felony theft of property. Danielson and Wood, JJ., join. Josephine Linker Hart, Justice, concurring in part and dissenting in part. Though I agree to affirm the theft conviction, I respectfully dissent from the majority’s decision to affirm the application of the sentencing-enhancement statute for employing a firearm to the crime of possession of a defaced firearm. The sentencing-enhancement statute provides for enhancement of a sentence for “[a]ny person convicted of any offense that is classified by the laws of this state as a felony who employed any firearm of any character as a means of committing or escaping from the felony.” Ark,Code Ann. § 16-90-120(a) (Supp. 2015) (emphasis added). A standard dictionary definition of “employ” is “to make use of.” Webster’s Third New International Dictionary 743 (3d ed. 2002). The conviction that was enhanced was Hinton’s conviction for possession of a defaced firearm, which a person commits if he “knowingly possesses a firearm with a manufacturer’s serial number or other identification mark required by law that has been removed, defaced, marred, altered, or destroyed.” Ark. Code Ann. § 5-73-107(a) (Repl. 2005) (emphasis added). The enhancement statute, by its plain terms, requires more than, possession; it requires employing a firearm as.-a means of committing a felony. Thus, the sentencing enhancement does not apply. Hinton was also convicted at the trial of aggravated robbery and Class B felony theft of property. The aggravated-robbery statute, in part, requires the person to threaten to immediately employ physical force upon another person and be armed with a deadly weapon. Ark.Code Ann. § 5-12-102(a) (Repl. 2013); Ark.Code Ann. § 5-12-103(a)(l). For the theft | uof property, it' is a Class B felony if the “property is.obtained by the threat of serious physical injury to any person.” Ark. Code Ann. § 5—36—103(b)(1)(B).. A person could employ a firearm as a. means of committing these crimes. Specifically, a person could employ a firearm as a means of making the threat required for both crimes. . Presumably, the circuit court concluded that Hinton made use of—employed—a firearm as a means of possessing a defaced firearm. That conclusion, however, defies a commonsense understanding of ordinary words. Hinton did not somehow make use of the firearm as a means of possessing the firearm. Rather, he possessed the firearm.* ■ - ■ - . We have said that there is no distinction between principals on the one hand and accomplices on the other, insofar as criminal liability is concerned. Wilson v. State, 365 Ark. 664, 666, 232 S.W.3d 455, 458 (2006). When two people assist one another in the commission of a crime, each is an accomplice and criminally liable for the conduct of both. Id,