SLIP OPINION

Cite as 2016 Ark. 327

# SUPREME COURT OF ARKANSAS

No. CR–05–870

| | |
|---|---|
| ALPHONSO S. WILSON<br>**PETITIONER**<br><br>V.<br><br>STATE OF ARKANSAS<br>**RESPONDENT** | **Opinion Delivered** October 6, 2016<br><br>PRO SE PETITION TO REINVEST JURISDICTION IN THE TRIAL COURT TO CONSIDER A PETITION FOR WRIT OF ERROR CORAM NOBIS; PRO SE MOTION FOR BELATED REPLY<br>[PULASKI COUNTY CIRCUIT COURT, NO.  60CR-04-1186]<br><br><br>PETITION DENIED; MOTION DENIED. |

**PER CURIAM**

Petitioner Alphonso S. Wilson is incarcerated in the Arkansas Department of Correction pursuant to a 2004 judgment reflecting his conviction for capital murder based on accomplice liability for which he was sentenced to life imprisonment without parole. This court affirmed Alphonso's conviction as an accomplice to murder, concluding that sufficient evidence supported the conviction based on Alphonso's taped confession that he had actively participated in the murder together with his mother, Denise Wilson, and his brother, Charles Stevenson.[1]  *Wilson v. State*, 365 Ark. 664, 667, 232 S.W.3d 455, 458–59

---

[1] Specifically, Alphonso told investigators that his mother, Denise, and his brother, Charles, had carried out the initial assault on the victim and returned home, at which point Alphonso became involved in the crime; that Alphonso directed Charles to return to the scene and complete the murder as the victim was still alive; that he accompanied Charles to the scene and put on gloves and stood by while Charles inflicted the fatal wounds; and that

SLIP OPINION

(2006). Denise's murder conviction was likewise affirmed by this court. *Wilson v. State*, 364 Ark. 550, 222 S.W.3d 171 (2006). Denise did not testify at the trial of Alphonso but she had provided statements to police implicating both of her sons in the murder. *Id.* at 552, 222 S.W.3d at 174.

Now before this court is Alphonso's pro se application to reinvest jurisdiction in the trial court to consider a petition for a writ of error coram nobis based on an allegation that exculpatory evidence had been withheld by the State. In support of the allegation, an affidavit is attached to the petition, executed by Denise and stating that she lied about Alphonso's participation in the murder. In the affidavit, Denise avers that the murder was committed by Charles at her encouragement, that Alphonso did not play a part in the murder because "it was already committed," and that Alphonso did not have any idea that the murder was about to take place. Alphonso's petition and the attached affidavit fail to establish a basis for coram-nobis relief. Alphonso has also filed a motion "for a belated reply." Because there is no provision that allows a petitioner to file a reply brief to a response to a coram-nobis petition, the motion to file a belated reply brief is also denied. Ark. Sup. Ct. R. 2-1(a)(d) (2015).

We first note that a petition filed in this court for leave to proceed in the trial court where the judgment was entered is necessary because the trial court can entertain a petition for writ of error coram nobis after a judgment has been affirmed on appeal only after we grant permission. *Roberts v. State*, 2013 Ark. 56, at 11, 425 S.W.3d 771, 778. A writ of

---

Alphonso hid one of the murder weapons and disposed of keys taken from the victim's home.

SLIP OPINION

error coram nobis is an extraordinarily rare remedy. *Howard v. State*, 2012 Ark. 177, at 4, 403 S.W.3d 38, 42–43. Coram-nobis proceedings are attended by a strong presumption that the judgment of conviction is valid. *Id.* The function of the writ is to secure relief from a judgment rendered while there existed some fact that would have prevented its rendition if it had been known and which, through no negligence or fault of the defendant, was not brought forward before rendition of the judgment. *Id.* The petitioner has the burden of demonstrating a fundamental error of fact extrinsic to the record. *Id.*

The writ is allowed only under compelling circumstances to achieve justice and to address errors of the most fundamental nature. *Id.* We have held that a writ of error coram nobis is available for addressing certain errors that are found in one of four categories: (1) insanity at the time of trial, (2) a coerced guilty plea, (3) material evidence withheld by the prosecutor, or (4) a third-party confession to the crime during the time between conviction and appeal. *Id.*

Despite Alphonso's allegation that exculpatory evidence had been withheld at the time of his trial, there is no evidence establishing that Denise provided any statement to investigators or the prosecutor exonerating either of her sons at the time all three were separately tried and convicted of capital murder. In fact, on appeal of her conviction, Denise did not dispute the facts established at her trial that the murder had been committed in concert with both sons, but she maintained that her participation in the crime was minimal such that her actions did not support her conviction as an accomplice. *Wilson*, 364 Ark. at 552–55, 222 S.W.3d at 174–76. In any event, the extent of Alphonso's culpability in the crime based on what he knew or did not know or what he did or did not do at the time

the crime was committed were facts that were surely known to him and could have been presented to investigators and at his trial through his own testimony. Instead, Alphonso, for reasons he fails to explain, provided a taped confession to investigators admitting to his knowledge and participation in the murder.

To the extent that Alphonso contends that the affidavit represents a third-party confession that Denise was Charles's sole accomplice to the crime, it is a confession that was made over ten years after Alphonso's conviction has been affirmed on appeal and therefore does not fit within the relief afforded by the writ. We have limited claims of third-party confessions to the period before affirmance of the judgment of conviction. *Wallace v. State*, 2015 Ark. 349, at 9–10, 471 S.W.3d 192, 198–99. This is so because the questions of fact, which invariably accompany an allegation of a third-party confession, demand prompt scrutiny. *Id.* (citing *Brown v. State*, 330 Ark. 627, 630, 955 S.W.2d 901, 902 (1997)). We have explained that the mere fact that another person has confessed to a crime cannot, alone, be grounds for relief as such confessions are not uncommon and must be approached with some skepticism. *Wallace*, 2015 Ark. 349, at 10, 471 S.W.3d at 199. Assessing the merits of a third-party confession requires that all of the evidence be available and unimpaired by the passage of time so that the trial court's examination can be exhaustive and decisive. *Id.* Our requirement that a claim of a third-party confession must be raised before affirmance serves to limit such claims to the time frame in which it is most likely that the trial court can determine with certainty whether the writ should issue. *Id.*

Furthermore, although Denise did not testify at Alphonso's trial, her recent affidavit recants statements she made to police that Charles and Alphonso committed the murder.

*Wilson*, 364 Ark. at 552, 222 S.W.3d at 174. A claim of recanted testimony, standing alone, is not cognizable in an error-coram-nobis proceeding. *McArthur v. State*, 2014 Ark. 367, at 5, 439 S.W.3d 681, 684 (2014) (citing *Anderson v. State*, 2012 Ark. 270, 423 S.W.3d 20 (per curiam)). We are not required to accept the allegations in a petition for writ of error coram nobis at face value. *Goff v. State*, 2012 Ark. 68, at 3, 398 S.W.3d 896, 898 (per curiam). We are likewise not required to accept at face value the allegations set forth in an affidavit executed over ten years later that recants statements made to investigators immediately following the crime.

Finally, Alphonso fails to establish that the statements set forth in Denise's affidavit would have resulted in a different verdict. *Taylor v. State*, 303 Ark. 586, 594, 799 S.W.2d 519, 524 (1990). As set forth above, Alphonso was convicted based on his own admissions of guilt wherein he described his actions after his mother and brother had returned home and informed Alphonso that they had assaulted the victim. Denise states in her affidavit that the murder "had already been committed." However, Alphonso admitted to police that, after the initial assault had been perpetrated by his mother and brother, Alphonso had returned to the scene of the crime where the victim lay unconscious but was still alive and that he aided his brother in finalizing the murder and assisted in disposing of evidence. There is nothing in the recent affidavit executed by Denise that disproves Alphonso's description of the events that took place following the assault initially perpetrated by Denise and Charles. Alphonso has shown neither the type of fundamental error nor facts which would have prevented rendition of the judgment so as to warrant this court reinvesting

jurisdiction in the trial court to consider a petition for writ of error coram nobis. *Thomas v. State*, 367 Ark. 478, 482, 241 S.W.3d 247, 250 (2006).

Petition denied; motion denied.